22

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN — SOUTHERN DIVISION

Gregory Jones,
Plaintiff,

v.

Hon. Yvonna Abraham, in her individual and official capacities,
Wayne County, Michigan,
Defendants.

Case No. _____
Hon. _____

Case: 4:25-cv-13507
Assigned To : Behm, F. Kay
Referral Judge: Ivy, Curtis, Jr
Assign. Date : 11/4/2025
Description: COMP JONES V.
ABRAHAM ET AL (TM)

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. §§ 1983, 1985, 1986; U.S. Const. Amend. V, VI, XIV)

STATEMENT OF FACTS TIMELINE

June 8, 2024 – Plaintiff's son Bilal Jones is strangled by Douglas McClain;
witnesses include Jameel and Maryam Jones.

PPO issued for Jameel Jones (Judge Abraham was not the issuing judge); entered into
LEIN.

December 19, 2024 – Judge Abraham, a Wayne County judge with no jurisdiction over
the Macomb County trial, removes PPO and LEIN entry, outside her authority.

December 20, 2024 – Judge Abraham orders Wayne County Sheriff to raid Plaintiff's
Oakland County home, arrest Plaintiff, and place children with Douglas McClain and
Tenisha Hampton.

December 2024-Early 2025 – Prosecutors fail to call Jameel and Maryam as witnesses;
Douglas McClain acquitted.

Plaintiff and children suffer severe PTSD, anxiety, and emotional trauma as a direct
result of these acts.

I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, as this action
arises under the Constitution and federal civil rights statutes.

2. Venue is proper in this district under 28 U.S.C. § 1391(b), as the events
complained of occurred in Wayne County, Michigan, and involved actions by Wayne
County officials.

II. PARTIES

3. Plaintiff Gregory Jones is a U.S. military veteran, rated 50% disabled by the Department of Veterans Affairs for heart and lung disease due to service in the Persian Gulf War.

4. Plaintiff suffers from PTSD, extreme trauma disorder, and severe anxiety, which arise directly from the abuse, misconduct, and intentional actions of Judge Abraham and Wayne County officials described below.

5. Defendant Hon. Yvonna Abraham is a judge of the Wayne County Circuit Court, sued in both her individual and official capacities.

6. Defendant Wayne County, Michigan is a municipal corporation responsible for the actions of the Wayne County Sheriff and deputies, who executed orders directly arising from Judge Abraham's ultra vires and administrative acts.

III. FACTUAL BACKGROUND

7. On June 8, 2024, Plaintiff's minor child Bilal Jones was strangled by Douglas McClain, the live-in boyfriend of the children's mother, Tenisha Hampton. The assault was witnessed by Plaintiff's other children, Jameel Jones and Maryam Jones.

8. Following the assault, a PPO (Personal Protection Order) was issued to protect Plaintiff's son Jameel Jones. Judge Abraham was not the judge who issued the PPO.

9. The PPO was entered into the Michigan State Police Law Enforcement Information Network (LEIN).

10. On December 19, 2024, Judge Abraham, a Wayne County judge with no jurisdiction over the criminal trial in Macomb County, removed the PPO and ordered deletion of the LEIN entry.

11. Judge Abraham was not the presiding judge in Douglas McClain's criminal trial and had no authority to alter law enforcement records or interfere with the trial.

12. Plaintiff alleges Judge Abraham intentionally acted to influence the outcome of Douglas McClain's trial.

13. Following her actions, the prosecution failed to call key eyewitnesses, Jameel and Maryam Jones, who witnessed the strangulation.

14. On December 20, 2024, Judge Abraham ordered the Wayne County Sheriff to raid Plaintiff's home in Oakland County, arrest Plaintiff, and remove all minor children, placing them with Douglas McClain and Tenisha Hampton.

15. The Wayne County Sheriff and deputies acted as agents of Wayne County, following judicial and administrative orders outside proper jurisdiction.

16. This raid demonstrates a pattern of ultra vires, administrative interference with law enforcement and child custody, entirely outside judicial and county

authority.

17. As a result of these actions (LEIN/PPO removal and cross-county raid), Douglas McClain was acquitted, and Plaintiff's family suffered severe harm.

18. The removal of the PPO and LEIN, combined with the raid, undermined justice, endangered Plaintiff's family, and violated constitutional rights.

IV. DENIAL OF EVIDENCE, INTENTIONAL BIAS, AND PROCEDURAL MANIPULATION

19. Judge Abraham refused to allow Plaintiff to present evidence of Douglas McClain's strangulation prior to removing the PPO and LEIN entry.

20. This demonstrates intentional bias and obstruction of justice, suggesting that Defendant acted to protect McClain rather than serve impartial justice.

21. Blocking evidence and interfering with law enforcement records constitutes nonjudicial acts outside her jurisdiction.

22. These actions strengthen claims under 42 U.S.C. §1983 and §1985:
a. Deprivation of due process (14th Amendment)
b. Denial of right to be heard (5th and 6th Amendments)
c. Conspiracy to obstruct justice (42 U.S.C. §1985)

23. These acts directly contributed to McClain's acquittal, linking Defendant's misconduct to harm suffered by Plaintiff and his family.

V. EFFECT ON PLAINTIFF AND FAMILY

24. Plaintiff's children—Bilal, Maryam, and Jameel—experienced severe anxiety, nightmares, emotional instability, and ongoing trauma requiring counseling.

25. Plaintiff suffers from PTSD, extreme trauma disorder, and anxiety, arising directly from Judge Abraham's actions, including the LEIN/PPO removal and cross-county raid executed by Wayne County deputies.

26. The family suffered emotional devastation, loss of faith in the court system, and ongoing fear for safety.

VI. LIMITS OF JUDICIAL IMMUNITY (Expanded)

27. Judicial immunity generally protects judges from personal liability for acts performed within their judicial capacity. However, absolute judicial immunity does not apply when a judge acts in the clear absence of all jurisdiction or performs nonjudicial acts.

28. Relevant Legal Precedent:
a. Pierson v. Ray, 386 U.S. 547 (1967) – Judicial immunity does not protect judges acting in the clear absence of jurisdiction. Judge Abraham, a Wayne County judge, interfered with a criminal trial in Macomb County and ordered a cross-county law

enforcement raid in Oakland County, actions clearly beyond her territorial
jurisdiction.
b. Stump v. Sparkman, 435 U.S. 349 (1978) – Acts that are ultra vires (beyond lawful
authority) are not protected by judicial immunity. By removing the PPO and LEIN
entry and orchestrating the raid, Judge Abraham acted outside any case properly
before her, interfering with separate criminal and child custody matters.
c. Forrester v. White, 484 U.S. 219 (1988) – Nonjudicial acts, such as
administrative, procedural, or enforcement decisions, are not protected by judicial
immunity. Ordering the deletion of a LEIN record, vacating a PPO, and directing law
enforcement to execute a cross-county raid are administrative/executive acts, not
part of a judicial ruling.

29. The removal of the PPO and LEIN entry, along with the cross-county raid, was:
a. Nonjudicial in nature – administrative interference with law enforcement and
child custody.
b. Ultra vires – outside her lawful authority and jurisdiction.
c. Intentional and malicious – designed to influence the outcome of McClain's trial
and harm Plaintiff's family.

30. Because the acts were nonjudicial, ultra vires, and outside jurisdiction, Judge
Abraham cannot claim absolute judicial immunity for this conduct. She may be held
personally liable under:
a. 42 U.S.C. §1983 for civil rights violations
b. 42 U.S.C. §1985 for conspiracy to interfere with civil rights

31. Wayne County is also liable because its sheriff's deputies executed the raid
under her orders, demonstrating a municipal policy/custom of enabling ultra vires
judicial and administrative interference.

32. Plaintiff asserts that the removal of the PPO and LEIN entry, combined with the
prior refusal to allow evidence of McClain's strangulation and the cross-county
raid, directly harmed Plaintiff and his family, resulting in emotional trauma,
worsening PTSD and anxiety, and the acquittal of Douglas McClain.

VII. EFFECT OF PPO AND LEIN REMOVAL ON MCCLAIN TRIAL

33. The PPO and LEIN entry documented McClain's violent behavior and ensured
enforcement of protective orders.

34. By removing these legal protections on December 19, 2024, Judge Abraham
eliminated formal evidence of McClain's prior strangulation from law enforcement
records and the criminal justice system.

35. Consequences included:
a. Prosecutors did not call key eyewitnesses Jameel and Maryam Jones.
b. The criminal trial lacked documentation showing McClain's prior violent conduct.
c. Defense counsel could argue falsely that no enforceable PPO or LEIN entry
existed.
d. Jury may have been unaware of prior protective orders and LEIN documentation.

36. These actions directly contributed to the acquittal of Douglas McClain.

37. By intentionally removing these protections and orchestrating the cross-county raid, Judge Abraham acted outside her judicial authority, influencing a criminal trial in another county, and committing ultra vires, nonjudicial acts that are not shielded by judicial immunity.

VIII. CLAIMS FOR RELIEF

Count I — Civil Rights Violation (42 U.S.C. §1983)
38. Defendant, under color of state law, deprived Plaintiff and his family of constitutional rights under the Fifth, Sixth, and Fourteenth Amendments.

Count II — Conspiracy to Interfere with Civil Rights (42 U.S.C. §1985)
39. Defendant conspired to obstruct justice and deny equal protection by dismantling legal protections for Plaintiff's children.

Count III — Neglect to Prevent Harm (42 U.S.C. §1986)
40. Defendant knew of the danger to Plaintiff's children and had the power to prevent harm but willfully neglected to do so.

Count IV — Malicious and Ultra Vires Conduct
41. Defendant acted outside the bounds of judicial authority, committing administrative interference, obstruction of justice, and cross-county enforcement actions.

IX. DAMAGES

42. As a direct result of Defendant's acts, Plaintiff and his family suffered:

Severe emotional and psychological distress

Worsening PTSD, anxiety, and medical conditions

Loss of lawful protection and security

Permanent emotional harm to children

Loss of faith in judicial integrity

43. Plaintiff seeks $10,000,000,000 (Ten Billion Dollars) in compensatory and punitive damages.

X. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:
a. Enter judgment for Plaintiff against Defendant.
b. Declare Defendant's conduct outside judicial authority and not protected by immunity.
c. Award $10,000,000,000 in damages.

d. Restore all PPO and LEIN protections wrongfully removed.
e. Hold Wayne County responsible for the actions of its Sheriff and deputies in executing the raid.
f. Grant any further relief deemed just and proper.

XI. JURY DEMAND

44. Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Gregory Jones
Plaintiff, Pro Se
498 Bird Ave.
Birmingham, MI 48009
313-575-8847
gregoryjones70@gmail.com
November 1, 2025

STATE OF MICHIGAN
IN THE THIRD JUDICIAL CIRCUIT COURT FOR WAYNE COUNTY
FAMILY DIVISION – DOMESTIC RELATIONS SECTION

JAMEEL JONES,

      Petitioner,

v

DOUGLAS MCCLAIN

      RESPONDENT.

_____/

Case No. 24-112944-PH
Honorable Yvonna C. Abraham

## ORDER SUA SPONTE TERMINATING PPO AND REMOVING PPO FROM LEIN

At a session of said Court, held in the
Circuit Court for the County of Wayne,
Detroit, Michigan on ___12/19/2024___

### PRESENT: HON. YVONNA C. ABRAHAM

Petitioner filed a Petition for Personal Protection Order and Request for Next Friend on 11/4/24. The Personal Protection Order was granted on 11/4/24 and sent to Lien on 11/6/24. The Court having reviewed the record, and the Court being fully advised:

**IT IS ORDERED** that the Petition for Personal Protection Order was improperly filed.

**IT IS FURTHER ORDERED** that the Petition for Personal Protection Order was filed in an attempt to delay Court order(s) and proceedings.

**IT IS FURTHER ORDERED** that the Petitioner is not the alleged victim of the incident referred in the Petition for Personal Protection Order.

**IT IS FURTHER ORDERED** that the Personal Protection Order is *terminated*.

**IT IS FURTHER ORDERED** that the Personal Protection Order is removed from Lein.

**IT IS SO ORDERED.**

December 19, 2024

_____

Date

_Yvonna C Abraham_
_____

Honorable Yvonna C. Abraham
Circuit Court Judge

| STATE OF MICHIGAN<br><br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | PERSONAL PROTECTION ORDER<br><br>☐ **EX PARTE**<br>**(DOMESTIC RELATIONSHIP)** | **CASE NO.**<br><br>24-112944-PH |
|---|---|---|

Court address 1801 CAYMC, 2 Woodward Ave., Detroit, MI 48226      Court telephone no. 313-224-0120

ORI
MI-

| Petitioner's name<br>Jameel Jones<br>Address and telephone no. where court can reach<br>petitioner<br>CONFIDENTIAL | v | Respondent's name, address, telephone no.<br>Douglas McClain<br>8301 16 1/2 Mile RD<br>STERLING HEIGHTS, MI 48312 |
|---|---|---|

| Full name of respondent (type or print)*<br>  Douglas McClain | | | | | | Driver's license number (if known) |
|---|---|---|---|---|---|---|
| Height<br>5 Ft. 6 In. | Weight<br>170 Lbs. | Race*<br>Black | Sex*<br>Male | DOB or age*<br>45 | Hair color<br>Brown | Eye color<br>Brown | Other identifying information |

*These items **must** be filled in for the police/sheriff to enter on LEIN; the other items are not required but are helpful.      **Needed for NCIC entry

Date:    <u>11/04/2024</u>      Judge:    <u>PPO DOCKET JUDGE  P-35010</u>

1.    This order is entered ☒ without a hearing. ☐ **after hearing.

**THE COURT FINDS:**

☒ 2.    A petition requested respondent be prohibited from entry onto the premises, and either the parties are married, petitioner has a property interest in the premises, or respondent does not have a property interest in the premises.

☒ 3.    Petitioner requested an ex parte order, which should be entered without notice because irreparable injury, loss, or damage will result from the delay required to give notice or notice itself will precipitate adverse action before the order can be issued

** ☒ 4.    Respondent poses a credible threat to the physical safety of petitioner and/or a child of petitioner.

☒ 5.    The respondent ☒ **is the spouse or former spouse of petitioner, had a child in common with petitioner, or is residing or had resided in the same household as petitioner. ☐ has or had a dating relationship with the petitioner.

**IT IS ORDERED**

6.    <u>DOUGLASS MCCLAIN</u>      is prohibited from:
     Name

     ☒ a. entering onto property where petitioner lives.

     ☒ b. entering onto property at  _____ .

**    ☒ c. assaulting, attacking, beating, molesting, or wounding  <u>JAMEEL JONES</u> .
                                                                Name

     ☒ d. removing minor children from petitioner who has **legal** custody, except as allowed by custody or parenting-time order provided removal of the children does not violate other conditions of this order. An existing custody order is dated  _____ . An existing parenting-time order is dated  _____ .

Approved , SCAO
Form CC 376, Rev. 3/23
MCL 600.2950, MCR 3.706, 18 USC 922(g)(8) (c )
Page 1 of 2

Distribute form to:
Court
Law enforcement agency
Petitioner
Return

Personal Protection Order (Domestic Relationship) (3/23)
Page 2 of 2

Case No.   **24-112944-PH**

**IT IS ORDERED:**
**6. ( continued)**
** ☒ e. stalking as defined by MCL 750.411h and MCL 750.411i, which include but it not limited to:
  ☒ following or appearing within sight of the petitioner.
  ☒ appearing at workplace/residence of the petitioner.
  ☒ approaching or confronting petitioner in a public place or on private property.
  ☒ entering onto or remaining on property owned, leased, or occupied by petitioner.
  ☒ sending mail/other communications to the petitioner.
  ☒ contacting the petitioner telephone.
  ☐ placing an object on or delivering an object to property owned, leased, or occupied by petitioner.

☒ f. interfering with petitioner's efforts to remove his/her children/personal property from premises solely owned or leased by respondent.

** ☒ g. threatening to kill or physically injure   JAMEEL JONES

☐ h. interfering with petitioner at his/her place of employment or education or engaging in conduct that impairs his/her employment or educational relationship or environment

☐ i. having access to information in records concerning a minor child of petitioner and respondent that will reveal petitioner's address, telephone number, or employment address or that will reveal the child's address or telephone number.

☐ j. intentionally causing petitioner mental distress or exerting control over petitioner by:
  ☐ injuring, killing, torturing, or neglecting, or threatening to injure, kill torture, or neglect any animal in which petitioner has an ownership interest
  ☐ removing any animal from his/her possession in which petitioner has an ownership interest.
  ☐ retaining or obtaining possession of any animal in which petitioner has an ownership interest.
** ☒ k. purchasing or possessing a firearm.

☐ l. other: _____

7.   As a result of this order, federal and/or state law may prohibit you from possessing or purchasing ammunition or a firearm.
8.   Violation of this order subjects respondent to immediate arrest and to the civil and criminal contempt powers of the court If found guilty, respondent shall be imprisoned for not more than 93 days and may be fined not more than $500.00.
9.   **This order is effective when signed, enforceable immediately, and remains in effect until**   11/04/2025   .
    This order is enforceable anywhere in this state by any law enforcement agency when signed by a judge, and upon service, may also be enforced by another state, and Indian tribe, or a territory of the United States. If respondent violates this order a jurisdiction other than this state, respondent is subject to enforcement and penalties of the state, Indian tribe, or United States territory under whose jurisdiction the violation occurred.

10.   The court clerk shall file this order with   MSP   who will enter it into the LEIN.
                                                Name of law enforcement agency

11.   Respondent may file a motion to modify or terminate this order. If this is an ex parte order, a motion must be filed within 14 days after being served with or receiving actual notice of the order. Forms and instructions are available from the clerk of court.

12.   A motion to extend the order must be filed 3 days before the expiration date in item 9 or a new petition must be filed.

A/F                     11/04/2024
Judge signature and date

**William Hultgren**

Personal Protection Order  (Domestic Relationship)      (3/23)                    Case No.    24-112944-PH

**PROOF OF SERVICE**

**TO PROCESS SERVER:** You must serve the personal protection order and file proof of service with the court clerk.  If you are unable to complete service, you must return this original and all copies to the court clerk..

**CERTIFICATE OF SERVICE/NONSERVICE**

☐   I served     ☐ personally   ☐ by registered or certified mail, return receipt requested, and delivery restricted to the respondent (copy of return receipt attached)   a copy of the personal protection order,  together with the  attachments listed below, on:

☐   I have attempted to serve a copy of the personal protection order, together with the attachments listed below, and have been unable to complete service on:

| Respondent's name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐   I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐   I am a legally competent adult who is not a party or an officer of a corporate party.  I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee | | Signature |
|---|---|---|---|---|
| Incorrect address fee | Miles traveled | Fee | **TOTAL FEE** $ | Name (type or print) |

**ACKNOWLEGEMENT OF SERVICE**

I acknowledge that I have received service of a copy of the personal protection order, together with.

_____
Attachments (if any)

_____          _____
Date and time                                         Respondent's signature

                                                      _____
                                                      Name (type and print)

# THE CIRCUIT COURT
### FOR THE THIRD JUDICIAL CIRCUIT OF MICHIGAN
### FAMILY DIVISION - FRIEND OF THE COURT

## HOW TO HAVE YOUR PERSONAL PROTECTION ORDER SERVED

**\*\* PLEASE NOTE: Options 1(Third Party) and 2 are the most reliable ways to have your Personal Protection Order Served. Pursuant to Michigan Court Rule 2.105(A)(2), if you serve by mail, the return receipt MUST have Respondent's signature.  If anyone else signs, it is invalid an you will need to serve another way.**

You can use any one of the following methods:

### 1.  THIRD PARTY
Fee:        No cost (There can be a notary fee)
              A third party can be anyone other than yourself who is 18 years of age or older.
              This can be a friend, family member, neighbor, co-worker or other individual.

**Step: 1**     Give three copies to the server.

**Step 2:**     The server will need to give a copy of the Petition for Personal Protection Order, Verified Addendum to Petition for a PPO along with the Personal Protection Order or Notice of Hearing if the Petition was denied to the Respondent.  (These forms should be handed to the Respondent personally.)  After serving the Respondent, the server must complete the back of the other tow copes and return them to you.

**Step 3:**     Make a copy for your records, then you must scan and email or take a picture of and email the Proof of Service to PPO@3rdcc.org

### 2. PROCESS SERVER/COURT OFFICER
Fee:  Varies (must pay for services in advance)

**Step 1:**     Locate a Process Server or Court Officer and make arrangements to have you PPO served.  Process Servers can be found in the Yellow Pages or through an internet search.  A copy of approved Court Officers is attached.

**Step 2**     Give the Process server three copies of the Petition for Personal Protection Order, Verified Addendum to Petition for a PPO along with the Personal Protection Order or Notice of Hearing if the Petition was denied.  The Process Server will serve the respondent with one copy, then complete the other two copies, and return to you.

**Step 3**      Make a copy of your records and then you must scan and email or take a picture of and email the Proof of Service to PPO@3rdcc.org.

## 3. RESTRICTED DELIVERY CERTIFIED MAIL
Fee: Approximately $10.00

**Step 1:** Go to any U.S. Post Office. Tell the postal clerk that you would like to send your PPO certified mail, restricted delivery.

**Step 2:** Pay the postal fee and mail a copy of the Petition for Personal Protection Order, Verified Addendum to Petition for a PPO along with the Personal Protection Order to the Respondent.

**Step 3:** Wait for the  green return card to be mailed to you from the Post Office. The    return card must have Respondent's signature. (If the Respondent is a minor, the green return card must be signed by the Respondent's parent or guardian.)

**Step 4:** Once you receive the green return receipt (with Respondent's signature) from the post office, complete the back of the other two copies of the PPO. Once you have completed the proof of service forms, you must have your signature notarized on these forms. Make a copy for your records and then you must scan and email or take a picture of and email the Proof of Service to PPO@3rdcc.org.

### MAKE COPIES OF ALL DOCUMENTS FOR YOUR RECORDS

### IT IS YOUR RESPONSIBILITY TO MAKE SURE THAT THE PROOF OF SERVICE FORMS ARE PROPERLY COMPLETED AND EMAILED BACK TO THE COURT.



# THE CIRCUIT COURT
FOR THE THIRD JUDICIAL CIRCUIT OF MICHIGAN
FAMILY DIVISION - FRIEND OF THE COURT

## 2023 List
### Court Officers Who May Serve Personal Protection Orders and/or Motions to Terminate, Extend, or Modify

## Wayne County Sheriffs Office

Call for more information: (313)224-2260
In Person 2 Woodward, Room #1711, Detroit, MI 48226
Website: sheriffconnect.com

**Third Circuit Court Officers Who May Serve Personal Protection Orders**

| | |
|---|---|
| McMurry, Dairshun<br>(248)910-1904 | Ezell, Michael<br>(313)926-9032 |
| Low, Joy<br>(313)784-5119 | |

The above officers are approved Third Circuit Court Officers, however they are NOT affiliated with the Wayne County Sheriff's Office.  Contact them directly to arrange for payment and exchange of paperwork.

**PROOFS OF SERVICE MUST BE FULLY COMPLETED AND SENT TO** PPO@3RDCC.ORG

Rev. 06/09/2023



**FirstStep**
Peaceful Families · Safe Communities
www.firststep-mi.org

# NEED ASSISTANCE?

Have you recently filed a **Domestic Relationship** Petition for Personal Protection Order against someone:

- You are currently or previously married to
- You have a child in common with
- You have or had a dating relationship with

## ——— IF SO, FIRST STEP CAN PROVIDE ———

- 24-hour helpline
- 24-hour on-call assault response
- Emergency shelter for individuals, families, and their pets
- Transitional supportive housing
- Counseling, advocacy, and support groups for adults and children
- Support and education for family and friends

- Safety planning
- Criminal Court advocacy
- Personal Protection Order assistance
- Community education and outreach programs
- In-service trainings on domestic violence, sexual assault, and stalking
- Legal, financial, medical, and housing information and referrals

Contact our First Step Advocate at 734.756.0508
or the 24-hour helpline at 734.722.6800 to be connected to an advocate who can best support you

- *Interpretation services are available for non-English speaking survivors*
- *Survivors who are Deaf or hard of hearing can connect with First Step by utilizing Michigan Relay and dialing 7-1-1 to call our helpline*

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | PERSONAL PROTECTION ORDER<br>(NONDOMESTIC)<br>☐ EX PARTE | CASE NO.<br>24-112880-PH |
|---|---|---|

Court address 1801 CAYMC, 2 Woodward Ave., Detroit, MI 48226      Court telephone no. 313-224-0120

ORI
MI-

| Petitioner's name<br>Bilal Jones | | Respondent's name, address, telephone no.<br>Douglas McClain |
|---|---|---|
| Address and telephone no. where court can reach petitioner<br><br>26679 Spicer ST<br>MADISON HEIGHTS, MI 48071<br>Cell: 313-575-8847 | v | 8301 16 1/2 Mile RD<br>STERLING HEIGHTS, MI 48312 |

| Full name of respondent (type or print)*<br>Douglas McClain | | | | | | | Driver's license number (if known) |
|---|---|---|---|---|---|---|---|
| Height<br>5 Ft. 6 In. | Weight<br>180 Lbs. | Race*<br>Black | Sex*<br>Male | DOB or age*<br>45 | Hair color<br>Brown | Eye color<br>Brown | Other identifying information |

*These items **must** be filled in for the police/sheriff to enter on LEIN; the other items are not required but are helpful.

Date:   10/31/2024      Judge:   PPO DOCKET JUDGE    P-35010

1.   This order is entered ☒ without a hearing. ☐ after hearing.

**THE COURT FINDS:**

☒ 2.   A petition requesting an order to restrain conduct prohibited under MCL 750.411h and MCL 750.411i and/or MCL 750.411s has been filed under the authority of MCL 600.2950a

☒ 3.   Petitioner requested an exparte order, which should be entered without notice because irreparable injury, loss, or damage will result from delay required to give notice or notice itself will precipitate adverse action before an order can be issued..

4.   Respondent committed the following acts of willful, unconsented contact: (State the reasons for issuance.)
CHILD STRANGULATION

**IT IS ORDERED:**

5.   DOUGLAS MCCLAIN              is prohibited from:
    Full name of respondent
    ☒ a.   stalking as defined by MCL 750.411h and MCL 750.411i, which include but it not limited to:
       ☒ following or appearing within sight of the petitioner.
       ☒ appearing at the workplace or the residence of the petitioner.
       ☒ approaching or confronting petitioner in a public place or on private property.
       ☒ entering onto or remaining on property owned, leased, or occupied by petitioner.
       ☒ sending mail/other communications to the petitioner.
       ☒ contacting the petitioner by telephone.
       ☒ placing an object on or delivering an object to property owned, leased, or occupied by petitioner.
    ☒ b threatening to kill or physically injure the petitioner    .
    ☒ c. purchasing or possessing a firearm.
    ☒ d. posting a message through the use of any medium of communication, including the Internet or a computer or any electronic medium, pursuant to MCL 750.411s.
    ☐ e other: _____

Distribute form to:
Court
Law enforcement agency (file)
Respondent
Petitioner
Return

**Personal Protection Order (Nondomestic)**    **(3/23)**          Case No.   24-112880-PH
Page 2 of 2

## IT IS ORDERED:

6.    Violation of this order subjects the respondent to immediate arrest and to the civil and criminal contempt powers of the court.  If found guilty, respondent shall be imprisoned for not more than 93 days and may be fined not more than $500.

7.    **This order is effective when signed, enforceable immediately, and remains in effect until**    10/31/2025          .
      This order is enforceable anywhere in this state by any law enforcement agency when signed by a judge, and upon service, may also be enforced by another state, an Indian tribe, or a territory of the United States.  If respondent violates this order in a jurisdiction other than this state, respondent is subject to enforcement and penalties of the state, Indian tribe, or United States territory under whose jurisdiction the violation occurred

8.    The court clerk shall file this order with    MSP                          , who will enter it into the LEIN.

9.    Respondent may file a motion to modify or terminate this order.  For ex parte orders, the motion to must be filed within 14 days after being served with or receiving actual notice of the order.  Forms and instructions are available from the clerk.

10.    A motion to extend the order must be filed 3 days before the expiration date in item 7, or a new petition must be filed.

                                              10/31/2024
Judge signature and date
**William Hultgren**

**Personal Protection Order  (Nondomestic)     (3/23)**                    Case No.    __24-112880-PH__

┌─────────────────────┐
│   **PROOF OF SERVICE**   │
└─────────────────────┘

**TO PROCESS SERVER:** You must serve the personal protection order and file proof of service with the court clerk.
If you are unable to complete service, you must return this original and all copies to the court clerk.

**CERTIFICATE/AFFIDAVIT OF SERVICE/NONSERVICE**

☐   I served  ☐ personally  ☐ by registered or certified mail, return receipt requested, and delivery restricted to the respondent (copy of return receipt attached)   a copy of the personal protection order, together with the attachments listed below, on:

☐   I have attempted to serve a copy of the personal protection order against a minor, together with the attachments listed below, and have been unable to complete service on:

| Respondent's name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐   I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐   I am a legally competent adult who is not a party or an officer of a corporate party.  I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee | | Signature |
|---|---|---|---|---|
| Incorrect address fee | Miles traveled | Fee $ | **TOTAL FEE** $ | Name (type or print) |

**ACKNOWLEGEMENT OF SERVICE**

I acknowledge that I have received a copy of the personal protection order, together with.

_____
Attachments (if any)

_____              _____
Date and time                                                    Respondent's  signature

                                                                     _____
                                                                     Name (type and print)

MCL 600.2950(18), MCR 2.105(A), MCR 3.705

# THE CIRCUIT COURT

## HOW TO HAVE YOUR PERSONAL PROTECTION ORDER SERVED

**\*\* PLEASE NOTE: Options 1(Third Party) and 2 are the most reliable ways to have your Personal Protection Order Served. Pursuant to Michigan Court Rule 2.105(A)(2), if you serve by mail, the return receipt MUST have Respondent's signature.  If anyone else signs, it is invalid an you will need to serve another way.**

You can use any one of the following methods:

### 1.  THIRD PARTY

Fee:        No cost (There can be a notary fee)
            A third party can be anyone other than yourself who is 18 years of age or older.
            This can be a friend, family member, neighbor, co-worker or other individual.

**Step: 1**    Give three copies to the server.

**Step  2:**   The server will need to give a copy of the Petition for Personal Protection Order, Verified Addendum to Petition for a PPO along with the Personal Protection Order or Notice of Hearing if the Petition was denied to the Respondent.  (These forms should be handed to the Respondent personally.)  After serving the Respondent, the server must complete the back of the other tow copes and return them to you.

**Step: 3**    Make a copy for your records, then you must scan and email or take a picture of and email the Proof of Service to PPO@3rdcc.org

### 2. PROCESS SERVER/COURT OFFICER

Fee:  Varies (must pay for services in advance)

**Step  1:**   Locate a Process Server or Court Officer and make arrangements to have you PPO served. Process Servers can be found in the Yellow Pages or through an internet search.  A copy of approved Court Officers is attached.

**Step  2**    Give the Process server three copies of the Petition for Personal Protection Order, Verified Addendum to Petition for a PPO along with the Personal Protection Order or Notice of Hearing if the Petition was denied.  The Process Server will serve the respondent with one copy, then complete the other two copies, and return to you.

Ver. 4/2023

**Step 3**      Make a copy of your records and then you must scan and email or take a picture of and email the Proof of Service to PPO@3rdcc.org.

## 3. RESTRICTED DELIVERY CERTIFIED MAIL
Fee: Approximately $10.00

**Step 1:** Go to any U.S. Post Office. Tell the postal clerk that you would like to send your PPO certified mail, restricted delivery.

**Step 2:** Pay the postal fee and mail a copy of the Petition for Personal Protection Order, Verified Addendum to Petition for a PPO along with the Personal Protection Order to the Respondent.

**Step 3:** Wait for the green return card to be mailed to you from the Post Office. The return card must have Respondent's signature. (If the Respondent is a minor, the green return card must be signed by the Respondent's parent or guardian.)

**Step 4:** Once you receive the green return receipt (with Respondent's signature) from the post office, complete the back of the other two copies of the PPO. Once you have completed the proof of service forms, you must have your signature notarized on these forms. Make a copy for your records and then you must scan and email or take a picture of and email the Proof of Service to PPO@3rdcc.org.

### MAKE COPIES OF ALL DOCUMENTS FOR YOUR RECORDS

### IT IS YOUR RESPONSIBILITY TO MAKE SURE THAT THE PROOF OF SERVICE FORMS ARE PROPERLY COMPLETED AND EMAILED BACK TO THE COURT.



## THE CIRCUIT COURT
FOR THE THIRD JUDICIAL CIRCUIT OF MICHIGAN
FAMILY DIVISION · FRIEND OF THE COURT

# 2023 List
## Court Officers Who May Serve Personal Protection Orders and/or Motions to Terminate, Extend, or Modify

## Wayne County Sheriffs Office

Call for more information: (313)224-2260
In Person 2 Woodward, Room #1711, Detroit, MI 48226
Website: sheriffconnect.com

### Third Circuit Court Officers Who May Serve Personal Protection Orders

| | |
|---|---|
| McMurry, Dairshun<br>(248)910-1904 | Ezell, Michael<br>(313)926-9032 |
| Low, Joy<br>(313)784-5119 | |

The above officers are approved Third Circuit Court Officers, however they are NOT affiliated with the Wayne County Sheriff's Office. Contact them directly to arrange for payment and exchange of paperwork.

**PROOFS OF SERVICE MUST BE FULLY COMPLETED AND SENT TO** PPO@3RDCC.ORG

Rev. 06/09/2023



FROM:
GREGORY JONES
498 BIRD AVE.
BIRMINGHAM, MI
48009

RECEIVED
NOV 04 2025
CLERK'S OFFICE
U.S. DISTRICT COURT

CLERK OF COURT
US DISTRICT COURT
231 W. LAFAYETTE BLVD
DETROIT, MI 48226

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.