UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY JONES,                                               Case No. 25-13507

    Plaintiff,                                              F. Kay Behm
v.                                                                       United States District Judge

YVONNA ABRAHAM, *et al.*,

    Defendants.
_____/

**OPINION AND ORDER GRANTING IFP APPLICATION (ECF No. 2)**
**and SUMMARILY DISMISSING COMPLAINT (ECF No. 1)**

On November 4, 2025, Plaintiff Gregory Jones filed a pro se complaint against Defendants, purportedly pursuant to various provisions of the United States Constitution and 42 U.S.C. §§ 1983, 1985, and 1986. (ECF No. 1). Jones also filed an application to proceed *in forma pauperis*. (ECF No. 2). However, for the reasons set forth below, the court DISMISSES Plaintiff's complaint without prejudice based on absolute judicial immunity as to Defendant Abraham and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e) as to Defendant Wayne County.

I.    **PLAINTIFF'S COMPLAINT**

Plaintiff alleges that his son was strangled by Douglas McClain. (ECF No. 1). This was witnessed by Plaintiff's other children, Jameel and Maryam Jones.

1

Subsequently, Wayne County District Court Judge William Hultgren issued a personal protection order as to Plaintiff's other son Jameel against McClain . (ECF No. 1, PageID.9-11, 16-17).  Then, Defendant Judge Yvonna Abraham, found that the PPO was improperly filed and terminated the PPO and removed it from LEIN. (ECF No. 1, PageID.7-8).

Plaintiff alleges that Judge Abraham, a Wayne County judge with no jurisdiction over the criminal trial in Macomb, had no authority to "alter law enforcement records or interfere with the trial." (ECF No. 1, PageID.2).  Plaintiff alleges that Judge Abraham intentionally acted to influence the outcome of McClain's trial. *Id*. Following her actions, prosecutors failed to call Jameel and Maryam as witnesses. *Id*. Plaintiff alleges that Judge Abraham refused to allow Plaintiff to present evidence of McClain's strangulation before removing the PPO and LEIN entry. *Id*. at PageID.3.

The complaint alleges that Judge Abraham ordered the Wayne County Sheriff to raid Plaintiff's Oakland County home, arrest Plaintiff, and place his children with McClain and Tenisha Hampton. (ECF No. 1, PageID.1, 2).  The complaint alleges that the Wayne County Sheriff and deputies acted as agents of Wayne County, following judicial and administrative orders outside proper jurisdiction. *Id.* at PageID.2.  Plaintiff alleges that as a result of the LEIN/PPO

removal and the cross-county raid, McClain was acquitted. *Id*. at PageID.3. Plaintiff seeks $10 billion in damages. *Id*. at PageID.5.

## II. ANALYSIS

The court must read a *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). All complaints, however, must plead facts sufficient to show that a legal wrong has been committed from which the plaintiff may be granted relief. *See* Fed. R. Civ. P. 12(b)(6). A complaint need not contain "detailed factual allegations," however, a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

When a plaintiff asks the court to waive fees and costs because he cannot afford to pay them, the court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Berry v. Ludington*, No. 16-10395, 2016 WL 6158964, at *2 (E.D. Mich. Oct. 24, 2016) (Lawson, J.) (quoting 28 U.S.C. § 1915(e)(2)(B)). A

complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). Where a plaintiff seeks relief from a defendant who is immune from suit, the claims lack merit. *Berry*, 2016 WL 6158964, *2 (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991) ("[A] judge is immune from a suit for money damages.")). As discussed in detail below, one named Defendant is immune from suit, and the complaint fails to state a claim against the other Defendant. Accordingly, the complaint must be dismissed.

    A.    <u>Judicial Immunity</u>

Plaintiff names Michigan state court Judge Yvonna Abraham in this matter. Judges are absolutely immune from suits under 42 U.S.C. § 1983 arising from their performance of judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). Judges are also entitled to such immunity from suits brought pursuant to 42 U.S.C. § 1985 and § 1986. *See Hall v. Bush*, 2021 WL 4239855, at *23 (W.D. Mich. July 21, 2021), report and recommendation adopted, 2021 WL 3750164 (W.D. Mich. Aug. 25, 2021) (Judge entitled to judicial immunity from § 1985 claim) (citing *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) ("Judicial immunity

4

attaches even if the act was done in furtherance of a conspiracy."); *Yandal v. City of Mayfield*, 2010 WL 4638864, at *3 (W.D. Ky. Nov. 5, 2010) (citing *Travis v. Miller*, 226 F.Supp.2d 663, 667 (E.D. Pa. 2002) (finding, in a suit brought under §§ 1983, 1985, and 1986, that "Judicial Defendants enjoy absolute immunity against suits for monetary damages regarding their judicial acts"))). This immunity extends even to judicial acts performed maliciously, corruptly, in bad faith, or in error. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). "There are only two exceptions to judicial immunity: A judge is not immune from suits for acts that are (1) not judicial in nature or (2) performed without jurisdiction." *Burnham*, 2022 WL 3046966, at *1 (citing *Brookings*, 389 F.3d at 617). A judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction. *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985). This immunity extends to state and federal judges alike and it applies to actions alleging a violation of the United States Constitution. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). The 1996 amendments to § 1983 also extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is

unavailable"); *see also Coleman v. Governor of Michigan*, 413 F. App'x 866, 873 (6th Cir. 2011).

While Plaintiff alleges that Judge Abraham acted maliciously, such an allegation does not take her actions outside the scope of judicial immunity. *See Brookings, supra*. Further, while Plaintiff contends that Judge Abraham's actions were "ultra vires" and not subject to judicial immunity, the actions complained of – terminating a PPO, removing it from LEIN, apparently issuing an arrest warrant for Plaintiff, and taking action on the custody of the children – are all judicial acts to which absolute judicial immunity applies. Accordingly, the claims against Judge Abraham must be dismissed.

B. <u>Wayne County</u>

Plaintiff also identifies Wayne County as a defendant responsible for the actions of the Sheriff and Sheriff's deputies for executing the raid under Judge Abraham's orders, and demonstrating a municipal policy/custom of enabling ultra vires judicial and administrative interference. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 700-01 (1978), the Supreme Court held that municipalities are "persons" subject to suit under § 1983. However, such a claim may only be brought when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent

official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694. The Sixth Circuit has instructed that, to satisfy the requirements of *Monell*, a plaintiff "must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (internal citations and quotations omitted).

Here, Plaintiff essentially alleges that because Sheriff's deputies executed the raid under Judge Abraham's orders, there must be a policy allowing such ultra vires acts. Such conclusory allegations are insufficient to state a claim. *See Jezowski v. Arenac, Cnty. of*, 2017 WL 2569746, at *3 (E.D. Mich. May 15, 2017), report and recommendation adopted, 2017 WL 2546790 (E.D. Mich. June 13, 2017) (Where plaintiffs have made only conclusory allegations that appear to rest on an erroneous syllogism: employees of the county gave false testimony and treated us unfairly; thus, the county must have a policy requiring them to testify falsely and treat us unfairly, the allegations were insufficient to state a claim under *Monell*); *see also, Bilder v. City of Akron*, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal where allegation of custom or policy was conclusory). Accordingly, the *Monell* claim against Wayne County must be dismissed.

## III.     CONCLUSION

For the reasons set forth above, the complaint is **DISMISSED** without prejudice.  The pending motions are **TERMINATED** as moot.

**SO ORDERED**.

Date: December 11, 2025               <u>s/F. Kay Behm</u>
                                      F. Kay Behm
                                      United States District Judge